COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


JOSE O. PEREZ
                                        MEMORANDUM OPINION[*]
v.   Record No. 0525-97-3                  PER CURIAM
                                         JULY 29, 1997
BLAUCH BROTHERS, INC. AND
 VIRGINIA CONTRACTORS GROUP
 SELF-INSURANCE ASSOCIATION


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (A. Thomas Lane, Jr., on brief), for
              appellant.

              (Cathleen P. Welsh; Wharton, Aldhizer &
              Weaver, on brief), for appellees.


     Jose O. Perez (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that his

claim for an award of compensation benefits was barred by his

willful violation of a safety rule.  Upon reviewing the record

and the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's

decision.  Rule 5A:27.

     "To prevail on the defense of a willful violation of a

safety rule, employer must prove that: (1) the safety rule was

reasonable; (2) the rule was known to the employee; (3) the rule

was promulgated for the benefit of the employee; and (4) the

employee intentionally undertook the forbidden act."  Brockway v.

Easter, 20 Va. App. 268, 271, 456 S.E.2d 159, 161 (1995).

--------

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

> Whether the rule is reasonable and applies to the situation from which the injury results, and whether the claimant knowingly violated it, is a mixed question of law and fact to be decided by the commission and reviewable by this Court. But the questions of whether an employee is guilty of willful misconduct and whether such misconduct is a proximate cause of the employee's accident are issues of fact.

Id. at 271-72, 456 S.E.2d at 161. Factual findings made by the commission will be upheld on appeal if supported by credible evidence. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989).

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

So viewed, the evidence established that on December 5, 1995, claimant and a co-worker were using a manlift[1] to drill four-inch holes in a ceiling. Because they were unable to move close enough to the ceiling with the manlift to perform their work, claimant placed a two-foot by six-foot plank on the top of the guard rails and used the plank as a raised platform to perform the work. While performing this work, claimant fell approximately thirty feet to the floor below.

Prior to claimant's accident, Donald Stewart, a sales representative for Equipco Rental Sales, instructed all

---

[1] A manlift is a four by six foot platform with four guard rails around it. The guard rails are approximately one and one-half feet above the platform. A manlift can be operated to move horizontally and vertically.

2

employees, including claimant, on the proper operation of the manlift.  Stewart instructed them not to climb on the guard rails, not to place any objects from one side to the other to stand on, and to not use boxes or ladders while on the manlift. Stewart also told them to keep their feet on the deck of the manlift.  In addition, a co-worker testified that the employees' supervisor had specifically instructed the employees not to use ladders or boxes on the manlift in order to extend their reach. Claimant admitted that he had read a warning placard on the manlift, which cautioned employees not to stand or sit on the guard rails.

Based upon this credible evidence, the commission properly concluded that claimant violated a reasonable safety rule known by him and promulgated for his benefit, and that he intentionally undertook to perform the forbidden act.  Claimant's willful disregard of the safety rule proximately caused his injuries.

In its role as fact finder, the commission was entitled to accept this evidence over claimant's self-serving testimony to the contrary.  In addition, the commission was entitled to accept the testimony of claimant's supervisors, who denied any knowledge of instances prior to claimant's accident when the safety rule was not enforced.  "In determining whether credible evidence exists, the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses."  Wagner Enters., Inc. v.

3

<u>Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991).

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>